# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| ANTHONY SHIEF (R-47851), | ) |
| Petitioner, | ) |
| | ) Case No. 17-cv-4570 |
| v. | ) |
| | ) Judge Robert M. Dow, Jr. |
| JACQUELINE LASHBROOK, | ) |
| Respondent. | ) |

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Petitioner Anthony Shief's *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 [1]. For the reasons stated below, the habeas corpus petition [1] respectfully is denied. The Court declines to certify any issue for appeal pursuant to 28 U.S.C. § 2253(c)(2) and directs the Clerk to enter judgment against Petitioner and in favor of Respondent. Civil case terminated.

**I.  Background**

**A.  State Court Proceedings**

After a jury trial in 2002, Petitioner was convicted of first-degree murder for the fatal shooting of Leroy Willis. *People v. Shief (Shief I)*, 2011 WL 9692703, at *1 (Ill. App. Ct. May 11, 2011). Petitioner was sentenced to a fifty-year prison term, with an additional twenty-five years for personally discharging a firearm. *Id*. Before trial, Petitioner's defense counsel filed two motions *in limine* relevant to this habeas petition. The first sought permission to ask Darrell Harvey, a state eyewitness who identified Petitioner as the shooter, about a pending DUI charge against him. *Id*. at 2. The second requested to call at trial a 911 operator to testify that Harvey

1

was "possibly drunk" when he called 911. *Id*. The trial court denied both of Petitioner's motions. *Id*.

On appeal, Petitioner argued that (1) the trial court's refusal to allow him to impeach Harvey with his pending criminal charge violated his confrontation rights; (2) the trial court's refusal to allow him to introduce the 911 operator's comment that Harvey was "possibly drunk" violated his confrontation and due process rights; (3) his sentence was excessive; and (4) his mittimus should reflect a single conviction for murder rather than two. *Id*. at 4-6. The Illinois Appellate Court concluded that Petitioner forfeited the first two claims by omitting them from his post-trial motion, as was required by Illinois law. *Id*. at 4-5. The Appellate Court further concluded that neither claim raised a plain error. *Id*. The court rejected Petitioner's third claim as meritless but ordered that Petitioner's mittimus be corrected. *Id*. at 4-6. Petitioner sought leave to appeal from the Illinois Supreme Court on the first three claims. [15-1, at 112.] The Illinois Supreme Court denied Petitioner's leave to appeal on May 30, 2012. *People v. Shief*, 968 N.E.2d 1071 (Ill. 2012).

### B. State Collateral Proceedings

On November 30, 2012, Petitioner mailed a *pro se* post-conviction petition to the Clerk of the Circuit Court of Cook County.[1] On December 11, 2012, the Clerk stamped the petition "received" but did not docket it. *People v. Shief (Shief II)*, 62 N.E.3d 1154, 1159 (Ill. App. Ct. 2016). Petitioner inquired about the status of his petition multiple times. After receiving a request for a status update in September of 2013, the Clerk responded to Petitioner indicating that no petition had been filed. *Id*. Petitioner again mailed his post-conviction petition to the Clerk along with an explanation of the Clerk's failure to docket his petition. *Id*. The Clerk stamped the post-

---

[1] Petitioner represents that he mailed his pro se post-conviction petition on this date. For the purposes of this opinion, the Court credits that representation.

2

conviction petition "received" and docketed the petition on December 3, 2013. *Id*. "The petition raised four issues: (1) that the prosecution had knowingly presented perjured testimony at defendant's trial, (2) that the trial court erred in denying his motion to suppress identification testimony, (3) that the witnesses against defendant were not sufficiently credible to prove him guilty beyond a reasonable doubt, and (4) that his appellate counsel was ineffective for failing to raise these issues on direct appeal." *Id*. The Circuit Court summarily dismissed the petition, finding that the first three claims lacked merit and that, as a result, appellate counsel could not be ineffective for failing to raise the claims on direct appeal. *Id*. at 1159-60.

On appeal of the dismissal of his post-conviction petition, Petitioner argued that (1) he was entitled to proceed to second-stage review of his post-conviction petition because of the dilatory conduct on the part of the clerk's office in docketing his post-conviction petition and (2) appellate counsel was ineffective for failing to challenge on direct appeal the admissibility of certain gang evidence. *Id.* at 1160, 1164. With respect to the first argument, "Post-conviction proceedings in Illinois have three stages: 'In the first stage, the petition must state the gist of a constitutional claim or it will be summarily dismissed * * * At the second stage, the petitioner must make a substantial showing of a constitutional violation to survive dismissal. Only then will the petition advance to the third stage, an evidentiary hearing.'" *Miller v. Harrington*, 2013 WL 3834620, at *2 (N.D. Ill. July 24, 2013) (quoting *Davis v. Lambert*, 388 F.3d 1052, 1060 (7th Cir. 2004)). Petitioner argued that he was entitled to proceed to second-stage review of his post-conviction petitioner based on his reading of Section 122-1(b) and Section 122-2.1 of Illinois's Post-Conviction Hearing Act. Section 122-1(b) provides that "[t]he clerk shall docket the petition for consideration by the court * * * upon his or her receipt thereof and bring the same promptly to the attention of the court." 725 Ill. Comp. Stat. Ann. 5/122-1. Section 122-2.1 "states that, if the court does not dismiss the

3

petition within 90 days, 'the court shall order the petition to be docketed for further consideration.'" *Shief II*, 62 N.E.3d at 1161 (quoting 725 ILCS 5/122–2.1(b))). The Appellate Court rejected Petitioner's argument, concluding that the Clerk's noncompliance with Section 122-1(b) did not require advancement to second-stage proceedings under Section 122-2.1. *Id*.

With respect to Petitioner's second claim, the Appellate Court concluded that the argument was waived because it was not adequately raised in his post-conviction petition. *Id*. at 1165-66. The court further determined the argument lacked merit because the gang evidence was admissible. *Id*. at 1166-68. Petitioner sought leave to appeal to the Illinois Supreme Court on the first issue he raised on appeal and was denied review on November 23, 2016. *People v. Shief*, 65 N.E.3d 846 (Ill. 2016). Petitioner subsequently filed a motion for leave to file a *pro se* supplemental PLA instanter, arguing that post-conviction appellate counsel improperly omitted the second issue he raised on appeal from his PLA. [4, at 123-131.] The Clerk of the Illinois Supreme Court returned Petitioner's motion as unfiled. [*Id*. at 136.] Petitioner then filed the instant petition for a writ of habeas corpus under 28 U.S.C. § 2254.

I. **Legal Standards**

A. **Habeas Relief**

Under the Antiterrorism and Effective Death Penalty Act of 1996, habeas relief cannot be granted unless the state court's decision was contrary to, or involved an unreasonable application of, federal law as determined by the Supreme Court. See *Williams v. Taylor*, 529 U.S. 362, 402-03 (2000); *Warren v. Baenen*, 712 F.3d 1090, 1096 (7th Cir. 2013). Habeas relief "has historically been regarded as an extraordinary remedy, a bulwark against convictions that violate fundamental fairness." *Brecht v. Abrahamson*, 507 U.S. 619, 633 (1993) (internal quotation marks and citation

4

omitted). This is because habeas petitions require the district court "essentially to reopen the criminal process to a person who already has had an opportunity for full process." *Almonacid v. United States*, 476 F.3d 518, 521 (7th Cir. 2007). Habeas relief under § 2254 is a "'guard against extreme malfunctions in the state criminal justice systems,' not a substitute for ordinary error correction through appeal." *Harrington v. Richter*, 562 U.S. 86, 102-03 (2011) (quoting *Jackson v. Virginia*, 443 U.S. 307, 332 n.5 (1979) (Stevens, J., concurring in judgment)). To obtain habeas relief in federal court, "a state petitioner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Id*. at 103. Habeas review does not give federal courts the opportunity to re-examine state decisions on state laws. *Estelle v. McGuire*, 502 U.S. 62, 68 (1991). Federal habeas review is limited to violations of "the Constitution, laws, or treaties of the United States." *Id*. (citations omitted).

### B.     Procedural Default

"A state petitioner seeking a writ of habeas corpus in federal court must first exhaust the remedies available to him in state court, 28 U.S.C. § 2254(b)(1)(A), thereby giving the State the opportunity to pass upon and correct alleged violations of its prisoners' federal rights." *Cheeks v. Gaetz*, 571 F.3d 680, 685 (7th Cir. 2009) (internal quotations marks and citation omitted). In particular, a habeas petitioner must fully and fairly present his federal claims through one full round of state court review before he files his federal habeas petition. See *O'Sullivan v. Boerckel*, 526 U.S. 838, 845, 848 (1999); *Mulero v. Thompson*, 668 F.3d 529, 536 (7th Cir. 2012). To fairly present a claim, the petitioner must include both the operative facts and the controlling legal principles on which the claim is based, and also must alert the state court that the claim raised is based on federal law. *Chambers v. McCaughtry*, 264 F.3d 732, 737 (7th Cir. 2001); *Sweeney v.*

5

*Carter*, 361 F.3d 327, 332 (7th Cir. 2004). "[W]hen a petitioner has exhausted his state court remedies and failed to properly assert his federal claims at each level of review those claims are procedurally defaulted." *Woods v. Schwartz*, 589 F.3d 368, 373 (7th Cir. 2009). A claim also is procedurally defaulted "[w]hen a state court resolves a federal claim by relying on a state law ground that is both independent of the federal question and adequate to support the judgment." *Kaczmarek v. Rednour*, 627 F.3d 586, 591 (7th Cir. 2010) (citations omitted). "Thus, when a state court refuses to reach the merits of a petitioner's federal claims because they were not raised in accord with the state's procedural rules (i.e., because the petitioner failed to contemporaneously object), that decision rests on independent and adequate state procedural grounds." *Id*. (citations omitted).

"A federal court on collateral review will not entertain a procedurally defaulted constitutional claim unless the petitioner can establish cause and prejudice for the default or that the failure to consider the claim would result in a fundamental miscarriage of justice." *Id*. (citing *Johnson v. Loftus*, 518 F.3d 453, 455 (7th Cir. 2008)). "In order to demonstrate cause for failure to exhaust, [a petitioner] must demonstrate that 'some objective factor external to the defense impeded [ ] efforts to comply with the State's procedural rule.'" *Guest v. McCann*, 474 F.3d 926, 930 (7th Cir. 2007) (quoting *McCleskey v. Zant*, 499 U.S. 467, 493 (1991) (quoting *Murray v. Carrier*, 477 U.S. 478 (1986)). "The habeas petitioner must show 'not merely that the errors at * * * trial created a *possibility* of prejudice, but that they worked to his *actual* and substantial disadvantage, infecting his entire trial with error of constitutional dimensions.'" *Murray v. Carrier*, 477 U.S. 478, 494 (1986) (quoting *United States v. Frady*, 456 U.S. 152, 170 (1982)). A fundamental miscarriage of justice occurs when a habeas petitioner establishes that "a

constitutional violation has probably resulted in the conviction of one who is actually innocent."
*Id*. at 496.

## III. Analysis

### A. Post-Conviction Procedures

Respondent argues that Petitioner's first three claims regarding state post-conviction procedures are not cognizable on federal habeas review. Petitioner raises three claims based on the state's post-conviction procedures as defined by the Illinois Post-Conviction Hearing Act, arguing that the state's failure to provide him a full hearing on his post-conviction petition violated his Fourteenth Amendment rights. First, Petitioner argues that the state court erred in determining the filing date for his post-conviction petition. Specifically, because of a clerk's error, the court used December 2013 instead of December 2012 as the filing date. Second, Petitioner argues that the state court erred by not advancing his petition to second-stage review because of the clerk's error. Third, Petitioner argues that the state court failed to construe his *pro se* post-conviction petition in the light most favorable to him when analyzing his petition.

Because these claims are based on purported violations of state post-conviction procedures as defined by the Illinois Post-Conviction Hearing Act, they are not cognizable for federal habeas review. States are not required by the federal Constitution to provide collateral review of criminal convictions. *Pennsylvania v. Finley*, 481 U.S. 551, 557 (1987). Accordingly, "[u]nless state collateral review violates some independent constitutional right * * *, errors in state collateral review cannot form the basis of federal habeas relief." *Montgomery v. Meloy*, 90 F.3d 1200, 1206 (7th Cir. 1996). "Federal habeas corpus relief is available only to persons being held in state custody in violation of the Constitution or federal law; it is not a remedy for errors of state law." *Id*. (citation omitted).

Although Petitioner argues that he is challenging violations of his Fourteenth Amendment rights and not state post-conviction procedures, Petitioner cannot "transform a state-law issue" regarding alleged errors in his post-conviction proceedings "into a federal one merely by asserting a violation of due process." *Mishler v. Superintendent*, 2016 WL 1658672, at *5 (N.D. Ind. Apr. 26, 2016) (denying claims that state "post-conviction court did not issue subpoenas for requested witnesses and failed to enter written findings of facts and conclusions of law" as not cognizable, even though petitioner "included the words 'due process'" in his petition); see also *Jones v. Butler*, 778 F.3d 575, 586 (7th Cir. 2015) (holding that state court's denial of post-conviction evidentiary hearing, which petitioner claimed "was a violation of his due process rights," was simply a challenge to state post-conviction procedures and not cognizable). In fact, federal courts routinely deny habeas challenges to the process that a petitioner received in state post-conviction proceedings. See, *e.g., United States ex rel. Brown v. Chandler*, 2013 WL 6198182, at *6 (N.D. Ill. Nov. 27, 2013) (denying claim that petitioner's state habeas petition was "disposed of in his absence" and the state's motion to dismiss was "granted in error" because "errors occurring in the state post-conviction proceedings * * * do not implicate the legality of the petitioner's confinement"); *Vickers v. Superintendent*, 2012 WL 2990692, at *1 n.1 (N.D. Ind. July 20, 2012) (holding that state post-conviction court's "errors in connection with admission of evidence at the post-conviction hearing" were not "a basis for granting federal habeas relief"); *Carter v. Superintendent*, 2011 WL 854875, at *24 (N.D. Ind. Mar. 8, 2011) (denying claim that "the state court violated his due process rights in connection with evidentiary rulings it made in the post-conviction proceedings" because "such errors do not implicate the legality of the petitioner's confinement" and are not cognizable); *U.S. ex rel. Greer v. Winters*, 2004 WL 2064400, at *3 (N.D. Ill. Sept. 13, 2004) (denying claim that post-conviction court "failed to accept the facts

contained in the petition and the accompanying affidavits and medical records as true" because "[t]his claim is not cognizable"); *U.S. ex rel. Johnson v. Tally*, 47 F. Supp. 2d 943, 956 (N.D. Ill. 1999) (denying claim that "'all post-conviction decisions were made without receiving the record'" because the "gist" of the claim was that "the state courts made errors in conducting his post-conviction proceedings"); *U.S. ex rel. Walton v. Gilmore*, 1998 WL 485679, at *2 n.3 (N.D. Ill. Aug. 12, 1998) (summarily dismissing challenge to the "fairness" of petitioner's state post-conviction proceedings).

To the extent that Petitioner contends that the delay in ruling on his post-conviction petition justifies habeas relief, the Seventh Circuit has held that "delay in receiving a ruling on a discretionary state collateral appeal is not a ground for federal habeas corpus relief." *Montgomery v. Meloy*, 90 F.3d 1200, 1206 (7th Cir. 1996). "Due process does not include prompt resolution of collateral appeals." *Id*. To the extent that Petitioner argues that the state court should have allowed him to proceed to second-stage proceedings in order to give him a full and fair hearing, that argument also fails. As noted by the state trial court, "[t]o obtain a hearing, petitioner has 'to make a substantial showing of a violation of a constitutional right.'" [4, at 76 (citing *People v. Johnson*, 191 Ill. 2d 257, 268 (2000).] The trial court concluded that Petitioner was not entitled to an evidentiary hearing under that standard. Although Petitioner contends that the trial court made a factual error in determining the filing date of his petition, the Appellate Court's conclusion that Petitioner was not entitled to proceed to second-stage proceedings was not based on a finding regarding the filing date of Petitioner's post-conviction proceeding. Rather, the Appellate Court concluded that there was no consequence for the clerk's failure to comply with Section 122-1(b) because the statute was directory not mandatory. *People v. Shief*, 62 N.E.3d 1154, 1163 (Ill. App. Ct. 2016). The Appellate Court noted that "[e]ven if the clerk fails to docket a petition promptly,

9

a defendant could simply refile his post-conviction petition in order to have it considered." *Id*. The Appellate Court went on to consider whether Petitioner substantively was entitled to proceed to second-stage proceedings and concluded that he was not. *Id*. This Court cannot substitute its judgment for that of the Illinois courts on that state-law issue. *Jones v. Butler*, 778 F.3d 575, 586 (7th Cir. 2015) (concluding that the decision to grant an evidentiary hearing "was within the authority of the Illinois courts and did not implicate a constitutional claim"). Pursuant to the authority cited above, the purported errors in Petitioner's post-conviction proceedings do not rise to a violation of a constitutional right.

Petitioner also argues that the state's conduct in his post-conviction proceedings violated the federal mailbox rule. In support of that argument, Petitioner cites *Houston v. Lack*, 487 U.S. 266 (1988), which held that a *pro se* prisoner files a federal notice of appeal "at the moment the prisoner delivers it to a prison official for mailing to the court." *Ray v. Clements*, 700 F.3d 993, 1002 (7th Cir. 2012) (summarizing *Houston*). "This rule is colloquially known as the '*Houston*' or 'prison' mailbox rule." *Id*. (citing *Jones v. Bertrand*, 171 F.3d 499, 500 (7th Cir. 1999)). If the state were raising a statute of limitations argument, this rule might come into play. See, *e.g.*, *Ray v. Clements*, 700 F.3d 993, 1006 (7th Cir. 2012) (holding that the prison mailbox rule applies to a prisoner's state post-conviction filings for the purpose of AEDPA's statute of limitations unless the state has clearly rejected the rule).[2] However, the decision in *Houston* interpreted a federal rule of appellate procedure. "*Houston* does not require state courts to follow the federal mailbox

---

[2] Although Petitioner addresses AEDPA's statute of limitations, Respondent does not raise a statute of limitations defense. "It is well-settled that AEDPA's statute of limitations is a nonjurisdictional affirmative defense." *Ray v. Clements*, 700 F.3d 993, 1006 (7th Cir. 2012) (citing *Day v. McDonough*, 547 U.S. 198, 205 (2006)). "Since the period of limitations is an affirmative defense, the state has the burden of showing that the petition is untimely." *Gildon v. Bowen*, 384 F.3d 883, 886 (7th Cir. 2004). Because the State has not raised the issue, the Court does not address it.

rule." *Phillips v. Superintendent, Indiana State Prison*, 2013 WL 1764344, at *8 (N.D. Ind. Apr. 24, 2013). Although Illinois has adopted the prison mailbox rule, Ill. S. Ct. R. 373, the rule does not establish a federal law enforceable through federal habeas corpus proceedings.

To be sure, the Court has concerns regarding the state's failure properly to docket Petitioner's post-conviction petition. Still, prisoners like Petitioner are not without recourse when the state fails to provide adequate post-conviction proceedings. The state's failure to provide a prisoner an adequate opportunity to present post-conviction claims may result in excusing the exhaustion requirement. See, *e.g., Jackson v. Duckworth*, 112 F.3d 878, 881 (7th Cir. 1997) ("Inordinate, unjustifiable delay in a state-court collateral proceeding excuses the requirement of petitioners to exhaust their state-court remedies before seeking federal habeas corpus relief." (citations omitted)). Nevertheless, the salient point for purposes of this case is that the state court *actually did rule* on Petitioner's substantive arguments. Petitioner does not cite any case holding that a petitioner is entitled to federal habeas relief based on a delay in the state-court proceedings *after* the state court ruled on the post-conviction petition.[3] In fact, the Seventh Circuit has held that the state process cannot be deemed ineffective after the state court issues a decision. *Monegain v. Carlton*, 576 F. App'x 598, 602 (7th Cir. 2014) ("[B]ecause the state trial court has now issued its decision, the impediment to [petitioner] obtaining review in the Indiana state courts has been removed and the current circumstances of this case do not render the state process ineffective.").

---

[3] The Court would have much greater concerns about the Clerk's failure to promptly file and docket Petitioner's post-conviction petition if his petition had been dismissed as untimely as a result. Here, however, Petitioner did not suffer from any real prejudice—other than a delay in ruling on his post-conviction petitioner—from the Clerk's error in docketing his petition.

11

Accordingly, Petitioner is not entitled to habeas relief based on any failure by the state court to comply with state post-conviction proceedings.[4]

B.  **Federal Claims**

  i.  *Direct Appeal*

Respondent argues that Petitioner is seeking to improperly revive two claims that he raised on direct appeal—Petitioner's argument that the trial court improperly barred Petitioner from impeaching state witness Harvey with his pending criminal charge and Petitioner's argument that the trial court improperly barred Petitioner from introducing the 911 operator's comments about Harvey being "possibly drunk." However, Petitioner concedes that these claims are procedurally barred and insists that he never intended to raise these claims in his petition.[5] Accordingly, Petitioner is not entitled to habeas relief based on the claims he raised on direct appeal.

---

[4] "A court may consider a state prisoner's application for habeas relief 'only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.'" *Whatley v. Zatecky*, 833 F.3d 762, 773 (7th Cir. 2016) (quoting 28 U.S.C. § 2254(a)). Although Petitioner argues that the Illinois Post-Conviction Act is unconstitutional as applied to him, that does not mean that he is in custody in violation of the Constitution or laws or treaties of the United States. Nor does Petitioner establish the merits of that argument.

[5] Petitioner is correct to concede that the two claims he raised on direct appeal are procedurally defaulted. With respect to both of these claims, the state court concluded that they were waived because Petitioner failed to raise them in his post-trial motion, as required by Illinois law. *Shief I*, 2011 WL 9692703, at *4-5 ("In order to preserve an issue for review, defendant must object at trial and raise the matter in a written post-trial motion." (citing *People v. Enoch*, 122 Ill. 2d 176, 186 (1988)). "When a state court resolves a federal claim by relying on a state law ground that is both independent of the federal question and adequate to support the judgment, federal habeas review of the claim is foreclosed." *Kaczmarek*, 627 F.3d at 591 (citing *Woods v. Schwartz*, 589 F.3d 368, 373 (7th Cir. 2009); *Coleman v. Thompson*, 501 U.S. 722, 729 (1991)). "Thus, when a state court refuses to reach the merits of a petitioner's federal claims because they were not raised in accord with the state's procedural rules (i.e., because the petitioner failed to contemporaneously object), that decision rests on independent and adequate state procedural grounds." *Kaczmarek*, 627 F.3d at 591 (citing *Woods*, 589 F.3d at 373; *Gray v. Hardy*, 598 F.3d 324, 329 (7th Cir. 2010)). Although the state court reviewed Petitioner's confrontation claims under a plain error review, that decision does not constitute a decision on the merits. *Kaczmarek*, 627 F.3d at 592 ("We consistently have held that where a state court reviews a federal constitutional claim for plain error because of a state procedural bar (here, the doctrine of waiver), that limited review does not constitute a decision on the merits.").

###### ii. Post-Conviction Claims

Petitioner seeks habeas review for four claims raised in his post-conviction petition. Specifically, Petitioner argued that (1) the state knowingly presented perjured testimony; (2) the trial court erred in denying his motion to suppress the identification; (3) the state failed to prove his guilt beyond a reasonable doubt; and (4) appellate counsel was ineffective for failing to raise these claims. Petitioner also seeks habeas review of a fifth claim that he contends he implicitly raised in his post-conviction petition—that appellate counsel was ineffective for failing to challenge the admission of irrelevant and prejudicial gang evidence.

Respondent argues that these claims are procedurally defaulted because Petitioner has not met the exhaustion requirement for each of these claims. With respect to the first four claims, Petitioner did not raise them in his appeal of the summary dismissal of his state habeas petition and they therefore are procedurally defaulted. The exhaustion requirement was established to give state courts a chance to address and resolve constitutional claims prior to a claim reaching the federal court. *O'Sullivan v. Boerckel*, 526 U.S. 838, 844-45 (1999). When a petitioner asserts "that his continued confinement for a state court conviction violates federal law, the state should have the first opportunity to review this claim." *Id* at 844. "State prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *Id*. at 845.

On appeal from the summary dismissal of his state habeas petition, Petitioner argued (a) that the circuit clerk did not comply with its statutory duty to promptly docket Petitioner's initial state habeas petition, improperly requiring Petitioner to refile his state habeas petition instead of advancing it to second-stage proceedings; and (b) that Petitioner raised an arguable claim that appellate counsel was ineffective for failing to challenge the admission of irrelevant and

prejudicial gang evidence. [15-2, at 73-107.] Petitioner argues that he implicitly raised the first four arguments in his argument that the Circuit Court Clerk did not comply with the statutory duty to promptly docket Petitioner's post-conviction petition. However, a review of the briefing from Petitioner's post-conviction appeal does not support that position. The post-conviction trial court addressed those arguments on their merits [4, at 73-82], but Petitioner's post-conviction appellate briefs did not raise them. As a result, the Illinois Appellate Court did not address these issues either. Instead, the Appellate Court addressed Petitioner's argument that appellate counsel was ineffective for failing to challenge the admission of irrelevant and prejudicial gang evidence. Having failed to present the merits of the first four arguments raised in his state habeas petition on appeal, Petitioner has failed to exhaust those claims.[6]

That leaves Petitioner's argument that appellate counsel was ineffective for failing to challenge the admission of irrelevant and prejudicial gang evidence. Although Petitioner argues that he "implicitly" raised this argument in his post-conviction petition, Petitioner did not list this issue among the grounds for finding ineffective assistance of counsel identified in his post-conviction petition. [15-2, at 61-64.] To establish a claim of ineffective assistance of counsel "a petitioner must state specific acts or omission that rise to a claim of ineffective assistance." *United States ex rel. Bell v. Pierson*, 267 F.3d 544, 555 (7th Cir. 2001). Indeed, the Illinois Appellate Court concluded that Petitioner forfeited his argument that appellate counsel was ineffective for failing to challenge the admission of irrelevant and prejudicial gang evidence by not sufficiently presenting it the trial court. [4, at 98-100.] A state judgment is barred from federal habeas review

---

[6] Petitioner argues that the state court's determination of the filing date of his initial petition caused Plaintiff's constitutional claims to be underdeveloped, thereby preventing his counsel from raising the arguments on appeal. However, Petitioner still could have presented these issues to the Appellate Court to determine whether the trial court appropriately concluded that Petitioner was not entitled to a second-stage hearing on those claims.

when "the last state court to render a judgment in the case * * * clearly and expressly stated that its judgment rests on a state procedural bar." *United States ex rel. Bell v. Pierson*, 267 F.3d 544, 556 (7th Cir. 2001). Because the Appellate Court concluded that Petitioner forfeited his argument that appellate counsel was ineffective for failing to challenge the admission of irrelevant and prejudicial gang evidence, that disposition of that claim rests on an independent and adequate state law ground and is procedurally defaulted.[7]

Petitioner has not established any basis for overcoming the procedural default of the claims he raised—albeit inadequately—in his post-conviction proceedings. "Procedurally defaulted constitutional claims are not considered on collateral review unless the petitioner shows either (1) actual innocence or (2) cause and prejudice." *Delatorre v. United States*, 847 F.3d 837, 843 (7th Cir. 2017) (citing *Bousley v. United States*, 523 U.S. 614, 622 (1998)). Because Petitioner does not raise a claim of actual innocence, the Court restricts its "analysis to the cause-and-prejudice standard." *Id*. (citing *McCoy v. United States*, 815 F.3d 292, 295 (7th Cir. 2016)). "To excuse a procedural default for cause and prejudice, a petitioner must demonstrate both (1) good cause for his failure to raise the defaulted claim before collateral review and (2) actual prejudice stemming from the violations alleged in the defaulted claim." *Id*. (citing *Theodorou v. United States*, 887 F.2d 1336, 1340 (7th Cir. 1989)).

To the extent that Petitioner argues that the delay in filing his post-conviction petition is cause for excusing his procedural default, Petitioner's argument fails because the state court has

---

[7] Petitioner also failed to present this claim in his post-conviction PLA. Petitioner argues that he nonetheless should be permitted to raise this claim here because his post-conviction attorney unethically excluded the claim from his PLA. In support of that argument, Petitioner cites *Modrowski v. Mote*, which recognized the Seventh Circuit's "long-standing determination that petitioners bear ultimate responsibility for their filings, even if that means preparing duplicative petitions." 322 F.3d 965, 968 (7th Cir. 2003). Here, however, Petitioner sought leave to file a *pro se* supplemental PLA instanter *after* his counseled PLA was denied.

15

already issued a ruling. *Monegain v. Carlton*, 576 F. App'x 598, 602 (7th Cir. 2014) (holding that petitioner had to exhaust state remedies before seeking federal habeas relief once delay in resolving petition ended). Furthermore, Petitioner has not explained how the delay in filing his post-conviction petition was the cause of his failure to include his claims in his post-conviction petition and then his appeal of the summary dismissal of his post-conviction petition. See *Montgomery v. Meloy*, 90 F.3d 1200, 1205 (7th Cir. 1996) (holding that delay in ruling on petition did not excuse a petitioner from asserting all of his claims in his first petition).

Petitioner also argues that any default of his ineffective assistance of appellate counsel claim based on the admission of gang evidence should be excused because he did not have counsel when he filed his initial post-conviction petition. [4, at 9 (citing *Ha Van Nguyen v. Curry*, 736 F.3d 1287, 1295 (9th Cir. 2013)).] However, the Supreme Court has held that ineffective assistance of post-conviction counsel (or in this case, a lack of post-conviction counsel) generally cannot establish cause for the procedural default of a claim. *Coleman v. Thompson*, 501 U.S. 722, 757 (1991), holding modified by *Martinez v. Ryan*, 566 U.S. 1 (2012). Although the Supreme Court created a limited exception to that rule in *Martinez*, allowing ineffective assistance of post-conviction counsel to excuse the procedural default of an ineffective assistance of trial counsel claim where state law "confines claims of trial counsel's ineffectiveness exclusively to collateral review," *Nash v. Hepp*, 740 F.3d 1075, 1079 (7th Cir. 2014), the Supreme Court has declined to extend that exception to ineffective assistance of appellate counsel claims. *Davila v. Davis*, 137 S. Ct. 2058, 2065-66 (2017). Petitioner therefore has not established cause and prejudice excusing the default of his ineffective assistance of appellate counsel claim based on the admission of gang evidence.

C.   **Certificate of Appealability**

Under the 2009 Amendments to Rule 11(a) of the Rules Governing Section 2254 Proceedings, the "district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Accordingly, the Court must determine whether to grant Petitioner a certificate of appealability pursuant to 28 U.S.C. § 2253(c)(2). A habeas petitioner does not have the absolute right to appeal a district court's denial of his habeas petition; instead, he must first request a certificate of appealability. See *Miller-El v. Cockrell*, 537 U.S. 322, 335 (2003); *Sandoval v. United States*, 574 F.3d 847, 852 (7th Cir. 2009). A habeas petitioner is entitled to a certificate of appealability only if he can make a substantial showing of the denial of a constitutional right. *Miller-El*, 537 U.S. at 336; *Evans v. Circuit Court of Cook County*, Ill., 569 F.3d 665, 667 (7th Cir. 2009). Under this standard, Petitioner must demonstrate that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El*, 537 U.S. at 336 (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). In cases where a district court denies a habeas claim on procedural grounds, the habeas court should issue a certificate of appealability only if the petitioner shows that (1) jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right, and (2) jurists of reason would find it debatable whether the district court was correct in its procedural ruling. See *Slack*, 529 U.S. at 484 ("Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude

either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further. In such a circumstance, no appeal would be warranted.").

For all the reasons stated above, the petition must be denied based on the straightforward application of settled law. Accordingly, the Court concludes that no reasonable jurists would disagree with the Court's conclusion that Petitioner's claims are non-cognizable and/or procedurally defaulted. Thus, the Court declines to certify any issues for appeal pursuant to 28 U.S.C. § 2253(c)(2).

## IV. Conclusion

For the reasons stated above, Petitioner's habeas corpus petition [1] respectfully is denied. The Court declines to certify any issue for appeal pursuant to 28 U.S.C. § 2253(c)(2) and directs the Clerk to enter judgment against Petitioner and in favor of Respondent.

Dated: April 23, 2019

Robert M. Dow, Jr.
United States District Judge